IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY** <br> CNA Plaza <br> 333 S. Wabash Street <br> Chicago, Illinois 60685 <br><br> And <br><br> **THE CONTINENTAL INSURANCE COMPANY** <br> as Successor by merger to Kansas City Fire and <br> Marine Insurance Company <br> CNA Plaza <br>  333 S. Wabash Street <br> Chicago, Illinois 60685 <br><br> *Plaintiffs,* <br><br> v. <br><br> **DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP** <br> 3143 Mount Pleasant Street, NW <br> Washington, D.C. 20001-2709 <br><br> And <br><br> **DEAUVILLE LIMITED PARTNERSHIP** <br> 3143 Mount Pleasant Street, NW <br> Washington, D.C. 20001-2709 <br><br> And <br><br> **MOUNT PLEASANT STREET REVOCABLE TRUST** <br> c/o John R. Redmond <br> 7312 Brookstone Court <br> Potomac, Maryland 20854 <br><br> And <br><br> **JOHN R. REDMOND** <br> 7312 Brookstone Court <br> Potomac, Maryland 20854 | ) <br> ) <br> ) Civil Action No. 1:07-cv-01818 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| And | ) |
| | ) |
| **AFLORESI FIGUEROA**, as Parent and | ) |
| Next Friend of her Minor Son, **C.J.F.** | ) |
| 1336 Rittenhouse Street, N.W. | |
| Washington, D.C., 20011 | ) |
| | ) |
| *Defendants.* | ) |

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT AFLORESI FIGUEROA, AS PARENT AND NEXT FRIEND OF HER MINOR SON, C.J.F.**

Comes now the Defendant, Afloresi Figueroa, as parent and as next friend of her minor son, C.J.F., by and through her attorneys, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch, and Cardaro & Peek, L.L.C., and in answer to the Complaint for Declaratory Judgment filed in the above-captioned matter, states as follows:

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

The Plaintiffs' claims are barred by the applicable statute of limitations and/or repose and by the doctrine of laches.

**THIRD DEFENSE**

The Plaintiffs' claims are barred by the doctrine of estoppel.

**FOURTH DEFENSE**

The Plaintiffs' claims are barred by the doctrine of waiver.

**FIFTH DEFENSE**

The Plaintiffs' claims are barred by the Plaintiffs' unclean hands.

**SIXTH DEFENSE**

The Plaintiffs' claims are barred by the fact that the Excess Policy requires the Plaintiffs to defend and indemnify the other Defendants for claims alleged in the underlying Figueroa Complaint.

### SEVENTH DEFENSE

The Plaintiffs' claims are barred in that any and all exclusions which allegedly deny the other Defendants insurance coverage for claims asserted in the underlying Figueroa Complaint violate public policy.

### EIGHTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of reformation.

### NINTH DEFENSE

The Plaintiffs' claims are barred in that they breached the pertinent contracts which require the Plaintiffs to defend and indemnify the other Defendants for claims asserted in the underlying Figueroa Complaint.

### TENTH DEFENSE

The Plaintiffs' claims are barred in that any ambiguity in the terms of the pertinent contracts must be resolved in favor of the insureds, thereby requiring the Plaintiffs to defend and indemnify the other Defendants for claims asserted in the underlying Figueroa Complaint.

### ELEVENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of statute of frauds.

### TWELFTH DEFENSE

This Defendant expressly reserves the right to raise other defenses not specifically mentioned herein which may be available based upon facts as may become known prior to or during the litigation of this action.

**THIRTEENTH DEFENSE**

As to each and every allegation contained within the Plaintiffs' Complaint, this Defendant states as follows:

1. Admitted.

2. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint.

3. Denied.

4. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint.

5. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint.

6. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint.

7. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint.

8. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 20 of the Complaint.

21. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 21 of the Complaint.

22. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 22 of the Complaint.

23. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 23 of the Complaint.

24. Admitted.

25. Admitted.

26. This Defendant denies paragraph 26 of the Complaint as phrased because it is a selective, disjointed combination of separate policy language.

27. This Defendant denies paragraph 27 of the Complaint because the Plaintiffs admit that the policies upon which they rely to exclude otherwise available coverage are incomplete copies of the originals.

28. This Defendant denies paragraph 28 of the Complaint because the Plaintiffs admit that the policies upon which they rely to exclude otherwise available coverage are incomplete copies of the originals.

29. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are a matter of legal pleading and do not require a response. To the extent an answer is required, the allegations are denied as being contrary to insurance law and precedent here and elsewhere.

31. This Defendant adopts and incorporates all answers contained in paragraphs 1 through 30.

32. Denied in that the pertinent policy terms and conditions extend coverage to the other Defendants. Among other terms and conditions, the Excess Policy requires the Plaintiffs to defend and indemnify the other Defendants for claims alleged in the underlying <u>Figueroa</u> Complaint. Further, this Defendant denies paragraph 32 of the Complaint because the Plaintiffs admit that the policies upon which they rely to exclude otherwise available coverage are incomplete copies of the originals.

33. Denied.

34. This Defendant adopts and incorporates all answers contained in paragraphs 1 through 33.

35. Denied.

36. This Defendant adopts and incorporates all answers contained in paragraphs 1 through 35.

37. Denied.

38. Denied.

39. This Defendant adopts and incorporates all answers contained in paragraphs 1 through 38.

40. This Defendant is without knowledge of information sufficient to form a belief as to the truth of the averment asserted in paragraph 40 of the Complaint.

41. Denied.

42. This Defendant adopts and incorporates all answers contained in paragraphs 1 through 41.

43. Denied.

44. Denied.

WHEREFORE, this Defendant, Afloresi Figueroa, as parent and as next friend of her minor son, C.J.F., requests that this Honorable Court deny the requested relief in the Plaintiffs' Complaint, and enter judgment declaring that the Plaintiffs are required to defend and indemnify Defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust, and John R. Redmond for any and all claims set forth in the Figueroa Complaint.

Respectfully submitted,

/s/ Thomas C. Cardaro
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
**Cardaro & Peek, L.L.C.**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
(202) 628-7778
tcc@cardarolaw.com
**Attorneys for the Plaintiff**

## JURY DEMAND

Defendant, Afloresi Figueroa, as parent and as next friend of her minor son, C.J.F., hereby requests that her case be tried before a jury.

/s/ Thomas C. Cardaro
Thomas C. Cardaro