IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, *et al.*,<br><br>                          Plaintiffs,<br><br>              -*vs*-<br><br>DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, *et al.*,<br><br>                          Defendants. | Case No. 1:07-cv-01818 (ESH) |

**PLAINTIFFS CONTINENTAL CASUALTY COMPANY and THE CONTINENTAL INSURANCE COMPANY'S ANSWER TO COUNTERCLAIMS**

Plaintiffs Continental Casualty Company and The Continental Insurance Company, as successor by merger to Kansas City Fire and Marine Insurance Company (together, "Plaintiffs"), appearing by their undersigned counsel, answer the Counterclaims filed by defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust and John R. Redmond (collectively, the "Deauville Defendants") as follows:

1. Plaintiffs refer to the pleadings in the underlying case, which are the best evidence of their contents. Plaintiffs admit that the underlying complaint alleges that the minor C.J.F.'s injuries arose when he resided at 3145 Mount Pleasant Street, NW, Apt. 202 in Washington D.C. from November of 1995 to September of 1996. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent that an answer to any remaining allegations is required, Plaintiffs deny the allegations.

361521 v 2

2.      Plaintiffs refer to the policies, which are the best evidence of their contents. Plaintiffs admit that they issued the following policies to Deauville Limited Partnership: Kansas City Fire and Marine Insurance Company policy 25 BC 08028780-95, effective February 1, 1994 to February 1, 1995, which was renewed to February 1, 1996, pursuant to Policy 25 BC 08028780-96 (collectively, the "Kansas City Policies") and Continental Casualty Company policy, C1 43137450, effective February 1, 1996 to February 1, 1997 (the "Continental Casualty Policy", together with the Kansas City Policies, the "Policies"). To the extent that this paragraph contains legal arguments and conclusions, no answer is required. Plaintiffs deny the remaining allegations of this paragraph.

3.      Plaintiffs admit that, to date, they have been unable to locate complete copies of the Kansas City and Continental Casualty Policies. Plaintiffs deny the remaining allegations of this paragraph.

4.      Plaintiffs refer to the Kansas City and Continental Casualty Policies, which are the best evidence of their contents. To the extent that this paragraph contains legal arguments and conclusions, no answer is required. Plaintiffs deny any remaining allegations of this paragraph.

5.      Plaintiffs refer to the Kansas City and Continental Casualty Policies, which are the best evidence of their contents. To the extent that this paragraph contains legal arguments and conclusions, no answer is required. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent an answer to any remaining allegations is required, Plaintiffs deny the allegations.

6.      This paragraph contains legal arguments and conclusions, to which no answer is required. Plaintiffs are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph. To the extent that any answer to any remaining allegations is required, Plaintiffs deny the allegations.

7. Plaintiffs refer to Exhibits II, III, IV and V of the Counterclaims, which are the best evidence of their contents. Plaintiffs deny the remaining allegations of this paragraph.

## FIRST CAUSE OF ACTION
### Breach of Contract

8. Plaintiffs incorporate their responses to the allegations of paragraphs 1 through 7 of the Counterclaims.

9-11. This paragraph contains legal arguments and conclusions, to which no answer is required. To the extent that an answer to any remaining allegations is required, Plaintiffs deny the allegations.

\* \* \*

The second through seventh causes of action (comprising paragraphs 12-24) are the subject of a simultaneously filed Motion to Dismiss. In the event Plaintiffs' motion is denied, Plaintiffs will provide a timely answer to the allegations in the second through seventh causes of action.

\* \* \*

The remaining paragraphs set forth in the Deauville Defendants' prayer for relief and do not require a response. To the extent that a response is required, Plaintiffs deny the allegations of these paragraphs and further deny that the Deauville Defendants are entitled to the relief they seek.

Plaintiffs deny each and every allegation of the Counterclaims that is not expressly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims and the causes of action therein fail to state a claim against Plaintiffs upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that any of the Deauville Defendants do not qualify as insureds, as defined by the Policies. To the extent that the Deauville Defendants' Counterclaims assert entitlement to defense or coverage by persons or entities who do not qualify as insureds under the terms of any insurance policy issued by Plaintiffs, those claims are invalid, and no relief may be granted with respect to them.

### THIRD AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by the Policies' Lead Exclusion.

### FOURTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by the Policies' Expected or Intended Injury Exclusion.

### FIFTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that there is no covered "occurrence" or "accident" as defined by the Policies.

### SIXTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that there is no "bodily injury," as defined by the Policies.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that there has been no bodily injury during the applicable policy periods, as defined by the Policies.

### EIGHTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that any alleged bodily injury arose out of the discharge, dispersal, seepage, migration or release of "pollutants," as defined by the Policies.

### NINTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent that any alleged damages in the underlying suit constitute fines, penalties and punitive or exemplary damages.

### TENTH AFFIRMATIVE DEFENSE

The Deauville Defendants' Counterclaims are barred by the doctrines of waiver, estoppel, laches, unclean hands, accord and satisfaction, set-off, ratification or statutory or contractual limitations period, as applicable.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies to the extent that the Deauville Defendants made any material misrepresentations or omissions, or concealed material information, in the underwriting of the insurance policies.

### TWELFTH AFFIRMATIVE DEFENSE

Coverage may be barred, in whole or in part, to the extent that there was a failure to take reasonable measures to mitigate damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

There is no coverage under any policy of insurance allegedly issued by Plaintiffs to the extent that the existence, along with the terms, conditions, exclusions, endorsements and limits of coverage, of that insurance policy are not established.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The rights and obligations of the insureds are defined and controlled by the terms, exclusions, conditions, endorsements and other provisions of the Policies.  The terms, exclusions, conditions, endorsements and other provisions of the Policies are too numerous to itemize in these defenses and are therefore incorporated herein by reference as though set forth in full.  Coverage may be barred, in whole or in part, by the provisions, terms, conditions, limitations and exclusions contained in the Policies.

WHEREFORE, having fully answered, Plaintiffs pray that the Counterclaims be dismissed, with prejudice, and for such other and further relief as this Court may deem appropriate, and that Plaintiffs be awarded their attorneys fees, costs, and such other and further relief as may be appropriate.

Dated:  December 3, 2007

Respectfully submitted,

ROSS, DIXON & BELL, LLP

By: _____
Gabriela Richeimer, D.C. Bar No. 462520
2001 K. Street, N.W.
Washington, D.C. 20006-1040
202.662.2000 (p)
202.662.2190 (f)
gricheimer@rdblaw.com

*Counsel for Plaintiffs*

361521 v 2

- 6 -