IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> -*vs*- <br><br> DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Case No. 1:07-cv-01818 (ESH) |

**PARTIES' JOINT LOCAL RULE 16.3(d) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3(d), Plaintiffs Continental Casualty Company and The Continental Insurance Company, as successor by merger to Kansas City Fire and Marine Insurance Company (jointly, "Plaintiffs") submit this agreed joint report of the Rule 16.3(c) Conference held on November 27, 2007 between undersigned counsel and counsel for Defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust and John R. Redmond (collectively the "Deauville Defendants") and Defendant Afloresi Figueroa, as parent and next friend of her minor son, C.J.F. ("Figueroa").

Briefly, in this lawsuit, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002 that there is no insurance coverage under several business liability policies issued to Deauville Limited Partnership for claims filed by Figueroa in the matter styled *Afloresi Figueroa, as Parent and Next Friend of her Minor Son, C.J.F. v. John R. Redmond, et. al.*¸ Case No. 003221-07 (District of Columbia Superior Court) (the "*Figueroa* Action"). In the *Figueroa*

Action, Figueroa, on behalf of the minor C.J.F., alleges that various of the Deauville Defendants are liable for bodily injury arising out of alleged lead exposure.  The Deauville Defendants have filed an answer and counterclaims against Plaintiffs, asserting, *inter* alia, that there is a duty to defend and insurance coverage under the policies for the *Figueroa* Action.  A primary issue with respect to the coverage claims in Plaintiffs' Complaint and the Deauville Defendants' answer and counterclaims is whether any or all of the policies contain a lead exclusion.

Defendant Figueroa asserts that regardless of whether the policies contain a lead exclusion, the Deauville Defendants' excess policy requires the Plaintiffs to defend the Figueroa Action and to provide coverage for any judgment in excess of the underlying policy limits.  Additionally, Defendant Figueroa asserts that any lead exclusion violates public policy.  The Deauville Defendants also have asserted counterclaims for waiver, estoppel, violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3905, fraud, negligent misrepresentation and insurer bad faith.

Plaintiffs, the Deauville Defendants and Figueroa (collectively, the "Parties") met and conferred on November 27, 2007, and the Parties have reached certain understandings and agreements, pursuant to Local Rule 16.3(c).

1.  The Parties believe that it is premature to determine whether the case ultimately may be resolved through dispositive motions.  Plaintiffs have filed a motion to dismiss Counts II through VII of the Deauville Defendants' counterclaims.  The Parties have agreed that discovery should be deferred on issues raised in Plaintiffs' motion to dismiss.

2.  The Parties currently are not aware of any other party that must be joined.  The Parties agree that any additional parties must be joined by February 29, 2008.  The Parties have

not agreed or narrowed any legal or factual issues at this time. The Parties agree that any amended pleadings must be filed by February 29, 2008.

3.  The Parties agree that this case should not be assigned to a magistrate judge.

4.  The Parties do not agree presently that there is a realistic possibility of settlement, but they agree to revisit the issue as discovery proceeds.

5.  The Parties have considered ADR but do not agree as to the benefit at this time. The Parties would agree to conduct a mediation after the close of discovery or sooner if so agreed by the Parties.

6.  The Parties agree that this case may be resolved in whole or in part by dispositive motions. As noted, Plaintiffs have moved to dismiss all but one of the Deauville Defendants' counterclaims. If appropriate, the Parties will file motions for summary judgment on the coverage issues within 30 days after the close of discovery, with opposition due within 20 days and reply briefs within 11 days. Under this schedule, any summary judgment motions filed by the parties would be ripe for decision by Fall 2008.

7.  The Parties shall proceed with Rule 26(a)(1) initial disclosures and exchange initial disclosures no later than January 21, 2008. The Parties reserve the right to serve written discovery in advance of the initial disclosures, but no responses would be due until after January 21, 2008.

8.  The Parties anticipate that discovery, including any expert discovery, will take approximately 6 months and will not be completed until May 30, 2008. This estimate is based on the expectation that the coverage issues in this matter will be bifurcated from the extracontractual issues, as set forth in item 11 below, and would need to be reevaluated if that

does not occur.  The Parties currently do not anticipate a need to modify the discovery rules set forth in the Local Rules and Federal Rules of Civil Procedure.

9.      The Parties have not yet determined whether expert discovery will be required, and the Parties reserve the right to designate one or more experts depending on information gathered through discovery.  The Parties agree that any experts and their opinions must be disclosed by April 1, 2008, with any rebuttal disclosures due by May 2, 2008.

10.     This case is not a class action.

11.     The Parties do not agree as to whether trial and discovery should be bifurcated between the "coverage issues" and the "extracontractual issues."  Specifically, "coverage issues" would include Plaintiffs' declaratory judgment claims and the Deauville Defendants' counterclaims I – III for breach of contract, waiver and estoppel (if the latter two are not dismissed), and "extracontractual issues" would include the Deauville Defendants' counterclaims IV – VII for violation of District of Columbia Consumer Protection Procedures Act, negligent misrepresentation, insurer bad faith and fraud, if any of those causes of action are not dismissed. Plaintiffs believe that the first phase of discovery and trial should focus on the coverage issues, and discovery and trial of the extracontractual issues, if necessary, would be subject to a separate, subsequent scheduling order depending on the outcome of the coverage issues.  The Deauville Defendants have not yet determined whether bifurcation is appropriate.  Defendant Figueroa objects to bifurcation of the coverage issues and extracontractual issues.  Accordingly, the Parties wish to discuss this matter at the scheduling conference on December 21, 2007.

12.     The Parties request that the Court set a pre-trial conference to be held 60 days after the close of discovery or a ruling on any motion for final summary judgment.

13.     The Parties request that the Court set a trial date at the pretrial conference.

- 5 -

14.     With respect to other matters raised in Federal Rule of Civil Procedure 26(f), the Parties agree that any electronically stored information may be produced in paper form, and also that the Court should enter a protective order providing for non-waiver of attorney-client privileged and work-product information if inadvertently produced by any party.  The enclosed proposed Scheduling Order includes these provisions.

Dated:  December 12, 2007                Respectfully submitted,

ROSS, DIXON & BELL, LLP


By: _____
Gabriela Richeimer, D.C. Bar No. 462520
2001 K. Street, N.W.
Washington, D.C. 20006-1040
202.662.2000 (p)
202.662.2190 (f)
gricheimer@rdblaw.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, *et al.*,<br><br>                              Plaintiffs,<br><br>                     *-vs-*<br><br>DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, *et al.*,<br><br>                              Defendants. | Case No. 1:07-cv-01818 (ESH) |

## SCHEDULING ORDER

Upon consideration of the Joint Rule 16.3(d) Report and the discussions that occurred before the Court during the Scheduling Conference on December 21, 2007, it is this ____ day of December, 2007 hereby

ORDERED that the following schedule governs the initial phase of this case:

(1)   Deadline for serving Rule 26(a)(1) Initial Disclosures – January 21, 2008;

(2)   Deadline for joining additional parties and/or amending the pleadings – February 29, 2008;

(3)   Expert disclosures – April 1, 2008 for affirmative disclosure(s) and May 2, 2008 for rebuttal(s);

(4)   Close of all discovery – May 30, 2008;

(5)   Summary judgment motions – June 30, 2008, with opposition briefs due on July 21, 2008 and reply briefs on August 1, 2008; and

(6)   Pre-Trial Conference, which shall be scheduled for a date sixty (60) days after (i) the close of discovery, or (ii) after the Court's decision on any dispositive motions(s) filed after the close of discovery; and

(7)   Trial – To be scheduled at the Pre-Trial Conference.

361779 v 2

IT IS FURTHER ORDERED that trial and discovery should be bifurcated between the coverage issues and the extracontractual issues, as defined in the Joint Rule 16.3(d) Report. The initial phase of discovery and trial will focus on the coverage issues. Discovery and trial of the extracontractual issues, if necessary, will be subject to a separate, subsequent scheduling order depending on the outcome of the coverage issues. *[Plaintiffs' request only]*

IT IS FURTHER ORDERED that any electronically stored information may be produced in paper form or electronic form, at the discretion of the producing party.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. Proc. 26(b)(5) and 26(c), a protective order is entered and shall govern the inadvertent production of attorney-client privileged or work-product information, as follows:

(a) To facilitate discovery, the parties may make documents available for inspection by counsel for the receiving party, and such documents inadvertently may include documents subject to the attorney-client privilege, work-product immunity or both. Neither the production or inspection of documents and things by the producing party, nor the inspection of such documents and things by the receiving party, shall waive the attorney-client privilege and/or work-product immunity.

(b) After inspection, the producing party may withhold documents subject to the attorney-client privilege and work-product immunity provided that proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose other than to challenge the propriety of the asserted privilege, subject to further order of the Court.

361779 v 2

(c) Inadvertent production of documents or information subject to the attorney-client or work-product privileges, or both shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Unless the receiving party challenges the propriety of the asserted privilege, the receiving party shall return such inadvertently produced document(s) within eleven (11) calendar days after the initial receipt of written notice (including facsimile or email) and shall destroy all known copies thereof. If the receiving party is unable to return such inadvertently produced document(s) and destroy all copies thereof within eleven (11) days, the receiving party shall notify the producing party in writing, by explaining specifically why returning such document(s) and destroying all copies within eleven (11) days is not feasible, and providing a date by which such document(s) will be returned and all copies will be destroyed. If the receiving party disputes the propriety of the asserted privilege with respect to any document(s), it shall do so in writing to the producing party within the same eleven (11) days after receipt of the written notice of inadvertent production. If the parties cannot resolve their differences in good faith, the receiving party has thirty (30) calendar days from the original receipt of notice of inadvertent production to file a motion under seal disputing the assertion of privilege. If the receiving party fails to file a motion with the Court within thirty (30) days, the receiving party shall return the disputed document(s) to the producing party and shall destroy all known copies thereof. No use shall be made of any document that a party has asserted to be privileged other than to challenge or defend the propriety of the asserted privilege.

IT IS SO ORDERED.

_____
United States District Judge