IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY, et al.** ) | |
| *Plaintiffs,* ) | |
| ) | Civil Action No. 1:07-cv-01818 (ESH) |
| v. ) | |
| **DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, et al.** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**DEFENDANT AFLORESI FIGUEROA'S STATUTORY BASIS FOR DEFENSES**

Comes now the Defendant, Afloresi Figueroa, as parent and as next friend of her minor son, C.J.F., by and through her attorneys, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch, and Cardaro & Peek, L.L.C., and pursuant to this Honorable Court's November 5, 2007 Order, states as follows:

**BRIEF STATEMENT OF FACTS**

Defendant Figueroa is prosecuting a negligence action against Defendant John R. Redmond, Deauville Associates, Limited Partnership, and Mount Pleasant Street Revocable Trust (hereafter jointly referred to as "Deauville") in the Superior Court for the District of Columbia as a result of the lead-paint poisoning her then two-year-old minor child suffered during their tenancy at Defendant Deauville's apartment complex (hereafter referred to as the "Figueroa Action"). The lead-paint poisoning has left the minor child with, <u>inter alia</u>, severe and permanent cognitive and developmental injuries. The Plaintiffs provided Defendant Deauville commercial liability policies and excess liability policies during the applicable period of time when the minor child suffered lead-paint poisoning. Although the Plaintiffs have admitted that they are not in possession of complete copies of the applicable liability policies,

they allege, <u>inter alia</u>, that the policies contain a lead-paint exclusion which denies coverage to Defendant Deauville for the Figueroa Action.

Defendant Figueroa alleges, <u>inter alia</u>, that regardless of the existence of a lead-paint exclusion contained in the underlying liability policies, the applicable excess liability policies require the Plaintiffs to provide a defense for the Figueroa Action and to satisfy any judgment which exceeds the underlying policy limits. Additionally, Defendant Figueroa alleges that a lead-paint exclusion violates the public policy of the District of Columbia which presumptively imposes liability on a landlord for the lead-poisoning of a minor child under the age of eight years.

## **DEFENSES**

1. The commercial excess liability policy requires the Plaintiffs to defend the <u>Figueroa</u> Action and to satisfy any judgment which exceeds the underlying policy limits. The excess liability policy purchased by Defendant Deauville expressly states that the Plaintiffs "will defend any claim or suit" which is "not covered under any underlying insurance" policy. Therefore, assuming <u>arguendo</u> that the underlying insurance policy does not cover the lead-paint poisoning of a minor child, the Plaintiffs are still required to provide Defendant Deauville a defense for the <u>Figueroa</u> Action per the contractual commitment expressly stated in the excess liability policy. Additionally, the excess liability policy states that it provides coverage for "the amount of damages in excess" of the underlying policy limits. The excess liability policy does not contain a lead-paint exclusion. <u>See</u> D.C. Code § 45-401.

2. A lead-paint exclusion violates the public policy of the District of Columbia which requires residential property to be provided and maintained in a lead-free condition when a minor child under the age of eight years resides therein. <u>See</u> D.C. Mun. Regs., tit. 17, §

707.3.  The District's public policy of providing protection and remedy to a lead-poisoned minor child is so strong that it imposes constructive knowledge of lead-paint hazards on the landlord.  <u>See id.</u>; <u>Childs v. Purll</u>, 882 A.2d 227, 236-37 (D.C. 2005).  If the landlord violates the District's public policy, then liability is presumptively imposed unless the landlord can prove that the violation was excusable under the circumstances.  <u>See id.</u>  Yet, a lead-paint exclusion would effectively relieve the landlord of the imposition of the District's presumptive liability by denying recovery to a lead-poisoned minor child.  Consequently, a lead-paint exclusion would thwart and obstruct the District's purpose and goal of providing protection and remedy to a lead-poisoned minor child.  Therefore, a lead-paint exclusion is invalid as violating the public policy of the District of Columbia.

3.  The defenses of repose, laches, estoppel, waiver, unclean hands, reformation, and breach of contract are based on the common law of the District of Columbia and the common law of Maryland.  <u>See</u> D.C. Code § 45-401.

4.  The defense of failure to state a cause of action upon which relief may be granted is based on the Federal Rules of Civil Procedure.  <u>See</u> F.R.Civ.P. 12 (b)(6).

Respectfully submitted,

<u>/s/ C. Drew Fritch</u>
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
***Cardaro & Peek, L.L.C.***
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
(202) 628-7778
cdf@cardarolaw.com
***Attorneys for the Plaintiff***