IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONTINENTAL CASUALTY
COMPANY, et al.

        Plaintiffs

-vs.-

DEAUVILLE ASSOCIATES,
LIMITED PARTNERSHIP, et al.

        Defendants

Case: 1:07 – cv- 01818 (ESH)

**MOTION TO RECONSIDER AND FOR LEAVE TO FILE OPPOSITION**

### DEFENDANTS DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, DEAUVILLE LIMITED PARTNERSHIP, MOUNT PLEASANT STREET REVOCABLE TRUST, AND JOHN R. REDMOND'S MOTION TO RECONSIDER AND FOR LEAVE TO FILE OPPOSITION

COME NOW, the defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust, and John R. Redmond (Redmond defendants), by counsel, and file this Motion to Reconsider and for leave to file an Opposition, and in support thereof state as follows:

### FACTS

1. Plaintiff filed a Complaint in this matter on October 9, 2007. The Complaint was served upon all defendants, and the Redmond defendants filed a timely Answer and Counterclaims on November 1, 2007.

2. On November 9, 2007, plaintiff's counsel contacted undersigned counsel requesting an extension of time based on an upcoming previously planned vacation and undersigned counsel consented to such an

extension. In this request, plaintiff's counsel stated that her client would be willing to give reciprocal consent to undersigned counsel should the need arise for undersigned counsel to request an extension of time to file a response to her client's Motion to Dismiss. (Exhibit 1).

3. On November 19, 2007, plaintiff filed a Consent Motion for an extension of time until December 3, 2007, to file a pleading responsive to the Counterclaims. The Court granted this Motion in a Minute Order dated November 19, 2007.

4. On December 3, 2007, plaintiff filed an Answer and Motion to Dismiss the Defendants' Counterclaims.

5. Plaintiff's counsel and undersigned counsel have had an understanding to work with one another on deadlines in this matter. (Exhibit 1).

6. Undersigned counsel inadvertently believed that its Memorandum of Points and Authorities in Opposition to the Plaintiff's Motion to Dismiss (the Opposition) was due on December 24, 2007. In fact, the Opposition was to be filed on, or before, December 14, 2007. He apologizes to the Court for this error.

7. Undersigned counsel has at all times been diligently preparing the Opposition. With the permission of this Court, the Opposition will be submitted to the Court concurrently with the instant Motion as docket entry number 13.

8. As such, the Redmond defendants request that this Court reconsider its December 19, 2007, Minute Order granting Plaintiff's Motion to Dismiss

Defendants' Counterclaims and allow the Redmond defendants to file the Opposition, submitted to the Court as docket entry 13.

**THE REDMOND DEFENDANTS FILING OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AT THIS TIME IS A RESULT OF EXCUSABLE NEGLECT AND THUS THEIR MOTION FOR LEAVE SHOULD BE GRANTED.**

9. The Court may exercise its discretion under Federal Rule of Civil Procedure 6(b) and enlarge the time period when failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(2007); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896, 111 L.E.2d 695, 110 S. Ct. 3177 (1990).

10. The determination of whether a later filling was based upon excusable neglect is an equitable one. *Smith v. District of Columbia*, 430 F.2d 450, 457 (D.C. Cir. 2005). The Court may consider the following factors in determining whether neglect is excusable:

    a. the danger of prejudice to the party opposing the modification,
    b. the length of delay and its potential impact on judicial proceedings,
    c. the reason for the delay, including whether it was within the reasonable control of the movant, and
    d. whether the movant acted in good faith.

*Wilson v. Prudential Financial*, 218 F.R.D. 1, 3 (2003)(quoting *In re Vitamins Antitrust Class Actions,* 356 U.S. App. D.C. 70, 327 F.3d 1207, 1209 (D.C. Cir. 2003). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)); *Smith v. District of Columbia, supra.*

11. In the instant matter, the weight of the evidence falls in favor of granting the Redmond defendants' Motion. As previously stated, the Opposition is to be submitted, with the permission of this Court, concurrent with the filing of the instant Motion. This filing is merely five days (and merely three business days) after the deadline set by LCvR 7(b) of Friday, December 14, 2007.

12. As all parties expected the Redmond defendants to file the Opposition and there has been no time for the plaintiff to rely in any way on the fact that it was filed untimely. The plaintiff can in no way claim to be prejudiced by any delay.

13. Had counsel realized this error on December 14, 2007, the record shows that counsel for plaintiff would have agreed to a consent motion, similar to that filed earlier in this matter by plaintiff's counsel, to extend the deadline by one-week's time. (Exhibit 1). If granted by this Court, that Consent Motion would have made the Opposition due on December 21, 2007. Upon realization of its error, undersigned counsel has responded immediately and does not ask for any additional time to file the Opposition. In essence because of undersigned counsel's error, the Opposition has been filed earlier then it would have been had counsel not made the error.

14. Finally, there has been, and cannot be, any allegation that counsel for the Redmond defendants acted in any way other then good faith. Undersigned counsel has previously allowed extensions to other parties

and were of the understanding that should they have asked for an extension prior to December 14, plaintiff would have consented. (Exhibit 1). Further, counsel for plaintiff has authorized the Redmond defendants to represent that plaintiff does not oppose the relief requested in this Motion.

15. As such, the equitable considerations overwhelmingly support his Court granting the Motion and allowing the Redmond defendants leave to amend to file their Opposition Brief.

Wherefore, for the above-mentioned good and valid reasons, the Redmond defendants request that this Court grant the defendants' Motion for Reconsideration, withdraw the Court's December, 19, 2007, Order and grant the defendants leave to file its Memorandum and Points and Authorities in Opposition to the Plaintiff's Motion to Dismiss.

Respectfully submitted,

John R. Redmond, Deauville Limited Partnership, Deauville Associates Limited Partnership, and Mount Pleasant Street Revocable Trust

/s/_____
Joseph F. Cunningham, #65532
Cunningham & Associates, PLC
1600 Wilson Blvd., Suite 905
Arlington, Virginia 22209
Telephone: (703)294-6500
*Attorneys for Defendants John R. Redmond, Deauville Limited Partnership, Deauville Associates, Limited Partnership, and Mount Pleasant Street Revocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify, on this 19rst day of December 2007 that the foregoing Motion To Reconsider and for Leave to file Opposition were served electronically on:

>Thomas C. Cardaro, Esq.
>Cardaro & Peek, LLC
>201 North Charles Street
>Suite 2100
>Baltimore, Maryland 21201
>*Attorney for Defendant Figueroa*
>
>Gabriela Richeimer, Esq.
>Ross, Dixon & Bell, LLP
>200 K Street, NW
>Washington DC 20006-1040
>*Attorney for Plaintiffs*

/s/_____
Daniel A. Glass

**From:** Gabriela Richeimer <gricheimer@rdblaw.com>
**To:** cunninghamlawofc@aol.com; tcc@cardarolaw.com
**Cc:** Rose Stafiej <rstafiej@rdblaw.com>; Drew Fritch <cdf@cardarolaw.com>
**Subject:** RE: Activity in Case 1:07-cv-01818-ESH CONTINENTAL CASUALTY COMPANY, CNA et al v. DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP et al Meet and Confer Hearing
**Date:** Fri, 9 Nov 2007 12:57 pm

Thank you. We will prepare and file a consent motion.

---

**From:** cunninghamlawofc@aol.com [mailto:cunninghamlawofc@aol.com]
**Sent:** Friday, November 09, 2007 10:43 AM
**To:** Gabriela Richeimer; tcc@cardarolaw.com
**Cc:** Rose Stafiej
**Subject:** Re: Activity in Case 1:07-cv-01818-ESH CONTINENTAL CASUALTY COMPANY, CNA et al v. DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP et al Meet and Confer Hearing

We will consent to such an extension.

Daniel A. Glass

CUNNINGHAM & ASSOCIATES, PLC
1600 Wilson Boulevard
Suite 905
Arlington, Virginia 22209
TEL- (703) 294-6500
FAX-(703) 294-4885


-----Original Message-----
From: Gabriela Richeimer <gricheimer@rdblaw.com>
To: cunninghamlawofc@aol.com; tcc@cardarolaw.com
Cc: Rose Stafiej <rstafiej@rdblaw.com>
Sent: Fri, 9 Nov 2007 9:15 am
Subject: RE: Activity in Case 1:07-cv-01818-ESH CONTINENTAL CASUALTY COMPANY, CNA et al v. DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP et al Meet and Confer Hearing

All -

By my counting, CNA's response to Deauville's counterclaim is due on November 26, which is the Monday after the Thanksgiving holiday. I also will be on vacation all of next week. As a courtesy, I would appreciate a your clients' consent to a week extension until December 3 to respond to the counterclaim. In the event that we move to dismiss certain counts in the counterclaim (in candor, we likely will), we obviously would return the favor on any opposition. Please let me know.

Further, as I will be out next week, please be sure to cc Rose on any scheduling issues.

Best regards,
Gaby

Gabriela Richeimer
ROSS, DIXON & BELL, LLP
202.662.2075 - p
202.662.2190 - f
gricheimer@rdblaw.com



Ex. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONTINENTAL CASUALTY
COMPANY, et al.                              Case: 1:07 – cv- 01818 (ESH)

                Plaintiffs

-vs.-

DEAUVILLE ASSOCIATES,
LIMITED PARTNERSHIP, et al.

                Defendants

### ORDER

Upon consideration of Defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust, and John R. Redmond's Motion to Reconsider and for Leave to File Opposition, unopposed by the plaintiff, on this _____ day of _____, 2007. IT IS HEREBY ORDERED that the Motion is GRANTED and it is

FURTHER ORDERED that this Court's December 19, 2007 Minute Order is withdrawn, and the Defendants Memorandum and Points of Authority in Opposition to the Plaintiff's Motion to Dismiss Defendants' Counterclaim (docket entry number No. 13) is deemed to have been filed.

IT IS SO ORDERED.

                                                            _____
                                                            JUDGE ELLEN S. HUVELLE

Copies to:

Thomas C. Cardaro, Esq.
Cardaro & Peek, LLC
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
*Attorney for Defendant Figueroa*

Gabriela Richeimer, Esq.
Ross, Dixon & Bell, LLP
200 K Street, NW
Washington DC 20006-1040
*Attorney for Plaintiffs*

Joseph F. Cunningham, #65532
Cunningham & Associates, PLC
1600 Wilson Blvd., Suite 905
Arlington, Virginia 22209
*Attorneys for Defendants John R. Redmond,*
*Deauville Limited Partnership,*
*Deauville Associates, Limited Partnership,*
*and Mount Pleasant Street Revocable Trust*