**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY, et al.** )<br><br>    *Plaintiffs*,  )<br><br>v.  )<br><br>**DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, et al.**  )<br><br>    *Defendants*.  )<br> ) | Case No.:<br>1:07-cv-01818<br><br><br><br>Judge:<br>Ellen Segal Huvelle |

### DEFENDANTS DEAUVILLE ASSOCIATES, LIMITED PARTNERSHIP, DEAUVILLE LIMITED PARTNERSHIP, MOUNT PLEASANT STREET REVOCABLE TRUST AND JOHN R. REDMOND'S RULE 26(a)(1) INITIAL DISCLOSURES

Defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust, and John Redmond ("Deauville defendants"), by and through their attorneys, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, makes the following initial disclosures as follows:

The information set forth below reflects the Deauville defendants' best present knowledge based upon its review and investigation of the facts to date. This review and investigation is continuing and the Deauville defendants reserve the right to amend or supplement the disclosures herein as may be necessary or appropriate in the future or as the discovery of additional or further information may warrant. The information included in this document is submitted without waiver of any applicable privilege. Deauville defendants do not concede the relevancy of any information contained in or derived from this document and, specifically, reserve the right to object to the admissibility at trial of any information contained in or derived from this document.

I.      **Rule 26(a)(1)(A)(i): Persons likely to have discoverable information**

At present, Deauville defendants have identified the following individuals as reasonably likely to have discoverable information that bears significantly on the claims and defenses alleged in the pleadings:

    1.     John R. Redmond
           7312 Brookstone Court
           Potomac, MD 20854
           (301) 983-8018

Mr. Redmond was the owner of the apartments located at 3145 Mount Pleasant Street NW, Washington, DC, 20010 ("the Apartments") for the time period covered by the present litigation. Mr. Redmond sought insurance coverage for this building and entered into an insurance agreement with Kansas City Fire and Marine Insurance Company ("Kansas City") related to this period through an insurance agent of that company chosen by his then managing agent, Washington Realty Co. At various times during his ownership of the Apartmemnts, Mr. Redmond directed his employees, Mr. Vivanco and Mr. Canales, to examine and remove any residue of lead paint in the Apartments. Mr. Redmond oversaw the correction of lead paint violations in the Apartments, including apartment 202, which were cited by the District of Columbia in August of 1996, and subsequently brought into compliance with City regulations in December of 1996. In the course of defending a similar lead-based paint chip ingestion claim, the matter styled *Quijano v. Redmond*, Mr. Redmond sought to obtain copies of his Kansas City insurance policies to determine the existence of a lead paint exclusion provision, but was never provided with a copy of any policy. Again, when this litigation began, he requested a copy of the pertinent policy and this time received a policy which has no reference to any lead paint exclusion. Mr. Redmond submitted this claim to

Continental Casualty Company ("CNA"), who provided coverage and a defense in the *Quijano* action as the successor to Kansas City. CNA then subsequently settled the *Quijano* claim.

Mr. Redmond has information and knowledge related to the general condition of the property during the time of his ownership; the coverage and exclusions which were made known to him at the time of his purchase of the Kansas City policies; instances of citations by the District of Columbia for lead paint violations and the subsequent remedial measures which were taken; the details of the *Quijano* action, specifically efforts made to obtain a true copy of all the policies which were in force at the relevant times for the Apartments; and CNA's subsequent decision to provide a defense, coverage, and claim payment in that action.

2. Mark A. Collins, Esq.
    McDermott, Will & Emery
    600 Thirteenth Street, N.W.
    Washington, D.C. 20005-3096
    (202) 756-8000

Mr. Collins was appointed by CNA to represent John Redmond and the Deauville defendants' interests in the matter styled *Quijano v. Redmond*. The *Quijano* action arose out of the same circumstances which took place during the same time period and at the same location as the underlying action styled *Figueroa v. Redmond, et al.* Mr. Collins has knowledge and information relating to the circumstances giving rise to the *Quijano* action and Continental's decision to provide a defense, coverage, and to pay the claim in that action.

    3.      Sandra Priester
           Assurance Incorporated
           5025 Druid Drive
           Kensington, MD 20895
           (301) 942-6166

Ms. Priester is the insurance agent who sold Mr. Redmond the Kansas City policies which are the subject of this action. She has knowledge and information relating to the content of those policies; the information, if any, to which Mr. Redmond was privy at the time he purchased these policies; and the level of access, if any, which Mr. Redmond had to the policies for his examination.

    4.      Sergio Vivanco
           1320 N. Veitch St.
           Arlington, VA 22201

Mr. Vivanco was an employee of Mr. Redmond's at the Apartments. Mr. Vivanco performed maintenance work and observed the general conditions of the Apartments during the time period of November of 1995 through September of 1996, including apartment 202. Mr. Vivanco participated in remedial measures which were taken in order to bring the Apartments into compliance with City regulations.

    5.      George Canales
           *Address Unknown*

Mr. Canales was Mr. Redmond's apartment manager for the Apartments. He performed maintenance work at the Apartments during the time period of November of 1995 through September of 1996, including apartment 202. Mr. Canales participated in remedial measures which were taken in order to bring the Apartments into compliance with City regulations.

**II.      Rule 26(a)(1)(A)(ii):  Relevant documents in Deauville defendants' possession**

At present the Deauville defendants have identified the following documents in their possession which may be used to support their claims or defenses:

1.      Letter dated November 9, 2001 from Mark A. Collins, Esq. to John R. Redmond discussing the terms of the settlement of the *Quijano* action, including the fact that said settlement was funded in its entirety by CNA.

2.      The copy of the 1995-96 Kansas City policy, devoid of any mention of a lead paint exclusion, which was provided to Mr. Redmond upon his request for the first time when the present *Figueroa* claim was denied by CNA.

3.      The lease agreement entered into by Ms. Afloresi Figueroa for her tenancy at the Apartments.

4.      The Complaint filed in the *Figueroa* action which gives rise to the instant action filed by CNA.

**III.     Rule 26(a)(1)(A)(iii):  Computation of damages claimed**

All costs including reasonable attorneys' fees incurred in defending the underlying *Figueroa* claim and in defending the instant CNA action in this Court.

**IV.     Rule 26(a)(1)(A)(iv):  Insurance agreements which would provide coverage in the instant action**

N/A.  The Kansas City policy referenced above requires CNA to provide coverage and a defense in the *Figueroa* action.

Dated May 15, 2008

>                     /s/
> Joseph F. Cunningham (#65532)
> CUNNINGHAM & ASSOCIATES, PLC
> 1600 Wilson Boulevard, Suite 905
> Arlington, VA 22209
> (703) 294-6500 Telephone
> (703) 294-4885 Facsimile
> cunninghamlawofc@aol.com
> *Counsel for Defendants Deauville Associates, Limited Partnership, Deauville Limited Partnership, Mount Pleasant Street Revocable Trust, and John R. Redmond*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of May, 2008, a copy of the foregoing Rule 26(a)(1) Initial Disclosures were served via electronic filing on:


Thomas C. Cardaro, Esq.
Jeffrey L. Peek, Esq.
C. Drew Fritch, Esq.
CARDARO & PEEK, LLC
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201


Gabriela Richeimer, Esq.
ROSS, DIXON & BELL, LLP
2001 K. Street, N.W.
Washington, D.C. 20006


                                                                         _____/s/_____
                                                                          Joseph F. Cunningham